ELECTRONICALLY FILED
Jefferson County Circuit Court
Barbara A. Collins, Circuit Clerk
2021-Nov-18 13:48:02
35CV-21-794
C11WD02 : 4 Pages

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

**JOHNNY "Sonny" GRIFFIN JR**                                         **PLAINTIFF**

V.                                   No.   CV-_____

**Petsense LLC,**
**and John Does 1-3**                                                 **DEFENDANTS**

## COMPLAINT

Comes the Plaintiff, Johnny "Sonny" Griffin Jr, (herein after Sonny Griffin) by his attorneys, Steven McNeely and for his cause of action against the Defendants, Petsense LLC and John Does 1-3 states as follows:

### I. Parties

1. The Plaintiff, Sonny Griffin, is and at all relevant times was and is a resident and citizen of Malvern, Hot Springs County, Arkansas.

2. Defendant, Petsense LLC, owns or controls the Petsense Store located at 5514 S. Oliver St., Pine Bluff Arkansas 71603 and is a corporation organized under the laws of another State, with a principal place of business in Arkansas. The register agent listed with the Arkansas Secretary of State's Office is CT Corporate System, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201..

3. Separate Defendants, John Does 1-3, are persons or entities unknown to Plaintiff at this time having ownership or direct or vicarious responsibility for customer and

EXHIBIT
A

business invites safety and adherence to safety regulation and policy, and for the maintenance, care, clean-up, of said premises and equipment.

4. All facts herein complained of occurred in Pine Bluff, Jefferson County, Arkansas.

## II. Jurisdiction and Venue

5. Jurisdiction is proper under Ark. Code Ann. § 16-13-201 which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Constitution.

6. Venue is proper under Ark. Code Ann. § 16-60-101. Venue in circuit courts, which states (a)(1) The county in which a substantial part of the event or omission giving rise to the cause of action occurred; Jefferson County, Arkansas.

## III. Facts

7. On or about September 6th, 2019 Plaintiff Sonny Griffin was preforming his duties as a pest control expert on the premises of the Petsense Store located at 5514 S. Oliver St., Pine Bluff Arkansas 71603. As such, Plaintiff's status was a business invitee.

8. The Plaintiff had begun his pest control and was walking around the North side of the building inspecting for pest infestation or signs of infestation. The Plaintiff slipped and fell on water and slime that had accumulated on the concrete, but which was not apparent to the Plaintiff. Based on information and belief, the water and slime on the concrete had accumulated for some time, and which was known to

exist by Defendants. Plaintiff was not aware of any caution, warning or "wet floor" signs visibly present in the area.

9. Plaintiff fell to the concrete and injured his ankle and broke his left leg distal fibula, and developed chronic complex regional pain syndrome aka RSD. Plaintiff limped to the Medexpress next door and was treated and released that same day. Since then claimant was treated by numerous doctors and suffers from chronic pain and is unable to work.

## IV. Negligence

10. The Defendant Petsense LLC and John Does 1-3 failed to maintain the premises in a reasonably safe condition and were negligent in the following respects:

   a) By failing to provide reasonably safe entrances, exits, and walkways for access by its customers and business invites;

   b) By failing to keep the floors or walking services of the premise clean and free of any water or slippery substance that may be hazardous to the customers and business invites;

   c) By failing to use ordinary care to maintain the premises and walkways in a reasonably safe condition;

   d) By failing to warn persons in the position of the Plaintiff of the hazardous and unsafe conditions existing;

11. The negligence of Defendants was the proximate cause of the injuries suffered by Plaintiff.

## V. Damages

12. Plaintiff, Sonny Griffin is entitled to recover for the following damages, all of which were proximately caused by the negligence of Defendants:

a) Compensatory damages for medical and other out of pocket expenses incurred by the Plaintiff in the past and reasonably certain to be incurred in the future due to the permanent nature of his injuries;

b) Damages for severe pain and suffering visited upon Plaintiff due to his injuries and reasonably certain in the future due to the permanent nature of his injuries.

c) Damages for mental anguish visited upon Plaintiff due to his injuries and reasonably certain in the future due to the permanent nature of his injuries;

d) Damages for lost wages past and future.

e) Plaintiff seeks damages in excess of $75,000.00 for purpose of 28 USC 1332 Diversity of Citizenship.

14. Plaintiff demands a trial by jury.

**Wherefore**, Plaintiff, Sonny Griffin, Plaintiff, prays for appropriate compensatory damages exceeding the amount of seventy-five thousand dollars ($75,000.00) for purpose of 28 USC 1332 Diversity of Citizenship., and prays for judgment against the Defendant Petsense LLC and John Does 1-3 in an amount adequate to compensate him for the injuries and damages he has sustained; for costs, interest, and all other relief to which he may be entitled; for a trial by jury; and for all other appropriate relief to which he is entitled.

Respectfully Submitted,

Steven McNeely Attorney
9424 Centennial Road, Jacksonville, AR 72076
Phone (501) 983-9055-Fax: (501) 983-9022
Email: smcneely@arkansasowrkinjury.com,

By: Steven McNeely #96-167