IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHNNY GRIFFIN, JR.**                                           **PLAINTIFF**

**v.**                          **Case No. 4:22-cv-00014 KGB**

**PET SENSE, LLC, and CRESTVIEW
COMMERCIAL, LLC**                                  **DEFENDANTS**

**ORDER**

Before the Court are the trial brief and motions *in limine* filed by defendants Petsense LLC and Crestview Commercial LLC (collectively "Defendants") (Dkt. Nos. 54, 56, 57).  Plaintiff Johnny Griffin, Jr. has responded to Defendants' trial brief and Defendants' motions *in limine* (Dkt. Nos. 58, 62, 63).  Defendants have filed a response to Mr. Griffin's trial brief and objections to Mr. Griffin's pretrial disclosure sheet (Dkt. No. 59).  For the following reasons, the Court denies without prejudice Defendants' motion for directed verdict (Dkt. No. 54), grants, in part, and denies, in part, Defendants' omnibus motion *in limine* (Dkt. No. 56), and grants, in part, and denies, in part, Defendants' motion *in limine* regarding "anchoring" (Dkt. No. 57).

**I.      Defendants' Motion For Directed Verdict**

In their trial brief, Defendants argue that they are entitled to a directed verdict because Mr. Griffin cannot make a *prima facie* case of negligence against Defendants.  Defendants concede that Mr. Griffin was an invitee on the premises, and Defendants concede that an owner or occupant of land is under a duty to exercise ordinary care to keep the premises reasonably safe for an invitee (Dkt. No. 54, at 2).  Mr. Griffin claims that Defendants were negligent in this regard due to a slippery wet condition outside the Petsense store.  Defendants contend that they owed no duty to Mr. Griffin "given the undisputed facts here" because "the obvious-danger rule eliminated any duty owed by Defendants to Plaintiff." (Dkt. No. 54, at 2).  Mr. Griffin responds that, under the

facts presented, Defendants are not entitled to a directed verdict on the issue of liability, and it is a matter for the jury (Dkt. No. 58, at 3).  For the reasons discussed in the Court's Opinion and Order denying summary judgment, the Court determines at this stage that Defendants have not established as a matter of law that the danger presented in this case was open and obvious (Dkt. No. 47).  Accordingly, the Court denies without prejudice Defendants' motion for directed verdict (Dkt. No. 54).

## II.     Lay Witness Testimony

As part of their trial brief, Defendants also argue that Mr. Griffin should be prevented from testifying about causation, necessity of medical or therapeutic treatment, and the reasonableness of the charges for that treatment (Dkt. No. 54, at 4).  Defendants contend that Mr. Griffin cannot offer lay witness testimony about these topics and has not disclosed an expert who will testify (*Id.*).  As support for this proposition, Defendants cite to Federal Rules of Evidence 701(c), 702, and *Johnson v. Kroger Company*, Case No. 14-cv-00336-KGB, 2015 WL 12838344, at *1 (E.D. Ark April 30, 2015) (*Id.*).

Mr. Griffin responds that neither party has disclosed an expert and that he will be relying on medical records under Federal Rule of Evidence 803 and Arkansas law (Dkt. No. 58, at 3–4).  Mr. Griffin contends that the medical records have been disclosed to Defendants in the proper course of discovery, and Mr. Griffin maintains that the physicians' records may be considered as non-retained fact witnesses (*Id.*).  According to Mr. Griffin, he should be allowed to testify about causation of his foot injury, chronic pain, and his medical bills concerning this injury.  Mr. Griffin states that Defendants have had plenty of time to depose and cross examine his physicians or retain their own opinion on his medical condition.  Mr. Griffin points to the Arkansas Supreme Court case of *Avery v. Ward*, 934 S.W.2d 516, 519 (Ark. 1996), asserting that the *Avery* court addressed

this issue by quoting *Bell v. Stafford*, 680 S.W.2d 700 (1984).  The Arkansas Supreme Court in

*Avery* quoted the following passage from *Bell*:

> Our decisions recognize a distinction between proof of reasonableness and proof of
> necessity.  We have held that evidence of expense incurred in good faith is some
> evidence that the charges were reasonable.  *However, evidence of expense incurred
> alone is not sufficient to show that charges were causally necessary.*  Yet, the
> testimony of the injured party alone, in some cases, can provide a sufficient
> foundation for the introduction of medical expenses incurred.  For example, if a
> litigant suffered a specific injury in an accident and was immediately taken to a
> hospital emergency room for treatment of only that specific injury, the injured
> party's testimony would be sufficient to establish the necessity of the medical
> expense as a result of the accident.  *However, expert testimony would normally be
> required to prove the necessity of the expense when. . . expenses for hospital tests
> were incurred many months after the accident, none of the physicians in attendance
> immediately after the accident referred the litigant either to the admitting doctor
> or to the hospital, and the expenses on their face do not appear to be related to the
> accident.*

*Avery*, 934 S.W. 2d at 519 (quoting *Bell*, 680 S.W.2d, at 700)) (emphasis in original).  Under

Arkansas law, the testimony of the injured party alone can provide a sufficient foundation for the

reasonableness of medical expenses when the plaintiff suffered a specific injury in an accident and

was immediately treated for that specific injury.  *Id.*

In their trial brief, Defendants reference *Johnson*, and they assert that the case from this

Court supports that Mr. Griffin must have expert testimony regarding causation (Dkt. No. 54, at

4).  As Mr. Griffin points out, however, *Johnson* illustrates the point made in *Bell*, that expert

testimony is only required when many months after the accident a litigant seeks treatment for an

expense that on its face does not appear related to the accident.  In *Johnson*, the plaintiff sought to

recover for thinning hair that she claimed to have suffered because of pain medication she had

taken for injuries she suffered from a slip and fall accident.  In ruling on a motion *in limine* to

prohibit Ms. Johnson from testifying regarding her thinning hair, the *Johnson* court stated:

> The Court rules that Ms. Johnson may testify as to her factual observations
> regarding her claimed hair thinning and loss.  However, Ms. Johnson may not offer

an opinion that her alleged injuries and/or medical treatment for her alleged injuries caused her hair thinning and loss.  The Court determines that any such opinion on causation requires expert testimony within the scope of Rule 702, not lay opinion testimony within the scope of Rule 701.

*Johnson*, 2015 WL 12838344, at *1.

From reviewing the record in the case, the Court anticipates that Mr. Griffin's injuries will be straight forward and that the medical treatment from the medical providers whose records are to be introduced was provided in close proximity and was related to the accident.  Accordingly, the Court rules that Mr. Griffin may testify consistent with the terms of this Order.

### III.    Defendants' Omnibus Motion *In Limine*

As to those matters about which the Court grants an *in limine* motion, all parties, their counsel, and witnesses are directed to refrain from making any mention through interrogation, *voir dire* examination, opening statement, arguments, or otherwise, either directly or indirectly, concerning the matters about which the Court grants an *in limine* motion, without first approaching the bench and obtaining a ruling from the Court outside the presence of all prospective jurors and the jurors ultimately selected to try this case.  Further, all counsel are required to communicate this Court's rulings to their clients and witnesses who may be called to testify in this matter.

#### A.    Matters About Which The Court Grants A Motion *In Limine*

Defendants request that the Court order Mr. Griffin, his attorneys, and his witnesses to refrain from mentioning or alluding to in any fashion whatsoever, directly or indirectly, the matters that are set forth herein which the Court has ruled as being inadmissible (Dkt. No. 56, ¶ 1).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 1).

The Court grants the motion *in limine* without objection.  As set forth in this Order, all counsel are required to communicate the Court's rulings to their clients and witnesses who may be called to testify in this matter prior to trial.

### B.   Firm's Specialty

Defendants seek to exclude the fact or alleged fact that counsel for Defendants or their law firm "specialized in" personal injury cases under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 56, ¶ 2).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 2).

The Court grants the motion *in limine* without objection.

### C.   Insurance

Defendants move to exclude *in limine* the fact that they have liability insurance coverage as irrelevant, inadmissible, and highly prejudicial under Federal Rules of Evidence 401, 402, and 403 (Dkt. No. 56, ¶ 3).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 3).

The Court grants the motion *in limine* without objection.

### D.   Previous Claims Or Lawsuits

Defendants move to exclude *in limine* the fact or alleged fact that Defendants have ever been accused of or have been found liable for negligence, and/or Defendants have ever settled a claim or lawsuit as irrelevant, inadmissible, and highly prejudicial under Federal Rule of Evidence 401, 402, and 403 (Dkt. No. 56, ¶ 4).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 4).

The Court grants the motion *in limine* without objection.

### E.   Unqualified Medical Testimony

Defendants move to exclude plaintiff and his lay witnesses from giving opinion testimony of any kind that is medical in nature or that gives a medical opinion as to causation or alleged damages in this case (Dkt. No. 56, ¶ 5).  Defendants assert that these opinions may only be given by a qualified expert witness under Federal Rule of Evidence 702.  Mr. Griffin objects to this

request and argues that he should be allowed to offer a lay opinion on the cause of his left foot/ankle problem (Dkt. No. 62, ¶ 5).  Mr. Griffin also states that he should be allowed to rely on medical records which were properly disclosed during discovery and are admissible under Federal Rule of Evidence 803 (*Id.*).

As set forth in this Order, Mr. Griffin may testify consistent with the terms of this Order as to his factual observations regarding his injuries, his medical treatment for his injuries, and the expenses he incurred to treat his injuries related to the accident.  To the extent Defendants seek to exclude additional testimony from Mr. Griffin or his witnesses, the Court takes this objection under advisement. The Court will rule on contemporaneous objections to this evidence at trial.

### F.      Opinions Outside Knowledge Of Experts

Defendants move to exclude *in limine* Mr. Griffin's "expert witnesses" from giving opinion testimony outside of their knowledge, expertise, and field of training under Federal Rule of Evidence 702 (Dkt. No. 56, ¶ 6).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 6).

The Court grants the motion *in limine* without objection.

### G.      Hearsay Of Medical Care Providers

Defendants move to exclude *in limine* Mr. Griffin's counsel from "eliciting hearsay testimony" from Mr. Griffin and his lay witnesses about any statements that may have been made by Mr. Griffin's medical care providers, medical expert witnesses, or any other individuals under Federal Rule of Evidence 802 (Dkt. No. 56, ¶ 7).  Mr. Griffin argues that these statements fall within an exception to the hearsay rule under Federal Rule of Evidence 803 (Dkt. No. 62, ¶ 7). Mr. Griffin asserts that these are the records of non-retained treating physicians and are considered fact witnesses (Dkt. No. 62, ¶ 7).  Mr. Griffin maintains that the records have been properly

disclosed during the course of discovery (*Id.*).  Mr. Griffin states that he plans on reading very limited select statements from these admissible records (*Id.*).

The Court takes this portion of Defendants' motion *in limine* under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of, making any reference to or putting on any evidence regarding the statements of Mr. Griffin's medical care providers.  Defendants may renew their motion to exclude specific witnesses, anticipated testimony, and documents, and after hearing from Mr. Griffin in response, the Court will issue specific rulings.

### H.      Settlement Offers

Defendants move to exclude any and all evidence of settlement offers in this case or in any other case involving the Defendants, as well as all underlying documents and proceedings under Federal Rule of Evidence 408 and Arkansas law (Dkt. No. 56, ¶ 8).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 8).

The Court grants the motion *in limine* without objection.

### I.      Use Of Videotaped Depositions

Defendants move to prohibit Mr. Griffin from playing any excepts from videotaped depositions during *voir dire*, opening statements, or closing arguments (Dkt. No. 56, ¶ 9).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 9).

The Court grants the motion *in limine* without objection.

### J.      Objections To Discovery Requests

Defendants move to prohibit Mr. Griffin from making a reference to any discovery requests propounded to Defendants where an objection has been raised during the course of discovery because, according to Defendants, any such reference would be "improper, irrelevant, and

extremely prejudicial to Defendants" (Dkt. No. 56, ¶ 10).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 10).

The Court grants the motion *in limine* without objection.

### K.   Impeachment With Deposition Testimony That Has Been Objected To Prior To Court Ruling

Defendants move to prohibit Mr. Griffin from attempting to impeach a witness with deposition testimony after an objection was lodged prior to obtaining a ruling by the Court as to the admissibility of that evidence (Dkt. No. 56, ¶ 11).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 11).

The Court grants the motion *in limine* without objection.

### L.   "Golden Rule" And "Reptile" Statements

Defendants move to prohibit Mr. Griffin from making "golden rule" and "reptile theory" statements (Dkt. No. 56, ¶ 12).  Mr. Griffin responds that he has no objection to refraining from asking the jury to put themselves in Mr. Griffin's shoes or from arguing to the jury that they must protect themselves and the community by punishing the Defendants (Dkt. No. 62, ¶ 12).  Mr. Griffin states, however, that to the extent that Defendants mean anything else by their request, he objects.

The Court grants Defendants' motion *in limine* on the "golden rule."  Mr. Griffin may not make any improper "golden rule" arguments.  *Lovett ex rel. Lovett v. Union Pacific Railroad Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000).  The Court grants Defendants' motion *in limine* on "reptile theory."  Mr. Griffin may not make any improper "reptile" argument that jurors must protect themselves and the community by punishing Defendants.

### M.     Pre-Trial Issues

Defendants move to exclude *in limine* any argument, testimony, or insinuation that Defendants have been reluctant to go to trial or obstinate in discovery proceeding because such statements would, according to Defendants, be untrue and irrelevant (Dkt. No. 56, ¶ 12).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 12).

The Court grants the motion *in limine* without objection.

### N.     Undisclosed Expert Testimony

Defendants contend that Mr. Griffin should be prohibited from eliciting or attempting to elicit expert testimony that has not been previously disclosed in discovery under Federal Rule of Civil Procedure 26(c) and prohibited from offering any supplemental reports from their experts that have not been previously disclosed in discovery (Dkt. No. 56, ¶ 13).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 13).

The Court grants the motion *in limine* without objection.

### O.     Exclusion Of Witnesses

Defendants argue that Mr. Griffin should be prohibited from offering as a witness any individual who has not been previously disclosed in discovery and who has not been deposed in this case under Federal Rule of Civil Procedure 26(e) (Dkt. No. 56, ¶ 14).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 14).

The Court grants the motion *in limine* without objection.

### P.     Use Of "Guilty" Or "Innocent"

Defendants argue that Mr. Griffin should be prohibited from making mention, directly or indirectly, of the words "guilty" or "innocent" to describe Defendants, and he should be prohibited from expressing to the jury that Defendants are "guilty of negligence" (Dkt. No. 56, ¶ 15).

Defendants argue that the terms are irrelevant, and it would be improper, unfairly prejudicial, confusing, and misleading to the jury to permit Mr. Griffin to use them and it should be prohibited by the Court.  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 15).

The Court grants the motion *in limine* without objection.

### Q.    Financial Condition Of Defendants

Defendants argue that Mr. Griffin should be prohibited from making mention, directly or indirectly of evidence of the financial condition of Defendants (Dkt. No. 56, ¶ 16).  In support for this proposition, Defendants cite Arkansas law that in a non-punitive damages case it is reversible error to admit evidence of a defendant's financial condition (*Id*. (citing *Berkley Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128 (1983)).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 16).

The Court grants the motion *in limine* without objection.

### R.    Sandbagging

Defendants argue that Mr. Griffin should be prohibited from sandbagging (Dkt. No. 56, ¶ 17).  Defendants move *in limine* to exclude from evidence any witness not disclosed during discovery and moves to exclude any document not provided in discovery (*Id*.).  Defendants describe sandbagging as "where one party withholds information until the last minute so that the other party does not have ample time or resources to prepare a valid defense," and contends that Arkansas courts have held that such tactics are not allowed (*Id*.).  Mr. Griffin objects to this request and states that he had to file two motions to compel against Defendants (Dkt. No. 62, ¶ 17).  Mr. Griffin states that he has fully complied with all discovery requests and timely supplemented any items when received (*Id*.).

The Court grants the motion *in limine* as to all parties.

**S.    Inadmissible Speculative Testimony**

Defendants argue that Mr. Griffin should be prohibited from making mention, directly or indirectly, of speculative testimony under Federal Rules of Evidence 401, 402, 403, 602, and 701 (Dkt. No. 56, ¶ 18).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 18).

The Court grants the motion *in limine* without objection.

**T.    Hearsay**

Defendants argue that Mr. Griffin should be prohibited from making mention, directly or indirectly, of hearsay testimony or evidence under Federal Rules of Evidence 801 and 802 (Dkt. No. 56, ¶ 19).  Mr. Griffin responds that he will be relying on medical records as admissible under Federal Rule of Evidence 803 (Dkt. No. 62, ¶ 19).  Mr. Griffin asserts that these are the records of non-retained treating physicians and are considered fact witnesses (*Id.*).  Mr. Griffin maintains that the records have been properly disclosed during the course of discovery (*Id.*).  Mr. Griffin states that he plans on reading very limited select statements from these admissible records (*Id.*).

The Court takes this portion of Defendants' motion *in limine* under advisement.  Until such time as the Court rules on this matter, all counsel, the parties, and witnesses are directed to refrain from making any mention of or any reference to or putting on any hearsay evidence from Mr. Griffin's medical records.  Defendants may renew their motion to exclude specific testimony or evidence, and after hearing from Mr. Griffin in response, the Court will issue specific rulings.

**U.    Improper Arguments Or Comments By Counsel**

Defendants state that all counsel should be prohibited from making any comments or argument in the presence of the jury regarding any of the matters excluded from evidence by the

11

Court (Dkt. No. 56, ¶ 20).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 20).

The Court grants the motion *in limine* without objection.

### V.        Speeches By Plaintiff's Counsel

Defendants argue that Mr. Griffin's counsel should be precluded from making speeches in front of the jury while making objections otherwise Defendants will be unfairly prejudiced under Arkansas Rule of Evidence 403 (Dkt. No. 56, ¶ 21).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 21).

The Court grants the motion *in limine* without objection.

### W.       Mere Fact Injury Occurred Is Not Proof Of Negligence

Defendants argue that Mr. Griffin and his witnesses should be precluded from testifying or suggesting in any form or fashion that the mere fact that an injury occurred is somehow evidence of negligence on the part of the Defendants (Dkt. No. 56, ¶ 22).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 22).

The Court grants the motion *in limine* without objection.

### X.        Evidence Of Special Damages Not Produced In Discovery

Defendants assert that Mr. Griffin should be precluded from introducing evidence of special damages that were not produced in his discovery responses prior to the discovery deadline because it would be a violation of the Court's Orders and would be unfairly prejudicial under Federal Rule of Civil Procedure 26(e)(1) and Federal Rule of Evidence 403 (Dkt. No. 56, ¶ 23). Mr. Griffin objects to this request and states that he had to file two motions to compel against defendants (Dkt. No. 62, ¶ 23).  Mr. Griffin maintains that he has fully complied with all discovery

requests and timely supplemented any items when received (*Id.*).  Mr. Griffin incorporates his response to Defendants' trial brief.

The Court grants, in part, and denies, in part, Defendants' motion *in limine*.  As set forth in this Order, Mr. Griffin may testify consistent with the terms of this Order as to his factual observations regarding his injuries, his medical treatment for his injuries, and the expenses he incurred to treat his injuries related to the accident.  To the extent the parties are referring to documents or other things not produced by the opposing side in discovery or a timely supplement, the Court grants the motion *in limine* as to all parties.

## Y.     Effect On Defendants

Defendants argue that Mr. Griffin should be prohibited from arguing or inferring that a jury verdict for Mr. Griffin will have no adverse effect on Defendants or its employees under Federal Rule of Evidence 401, 402, and 403 (Dkt. No. 56, ¶ 24).  Mr. Griffin responds that he has no objection to this request (Dkt. No. 62, ¶ 24).

The Court grants the motion *in limine* without objection.

## IV.     Defendants' Motion *In Limine* Regarding "Anchoring"

In a separate motion *in limine*, Defendants argue that Mr. Griffin should be prohibited from offering any unsubstantiated "anchoring" (Dkt. No. 57).  Defendants define "anchoring" as a "strategy used to cause jurors to rely on a specific reference point, or 'anchor,' when evaluating damages in a lawsuit." (Dkt. No. 57, ¶ 1 (quoting https://nysba.org/events/anchoring-how-it-impacts-jury-verdicts-negotiations-what-counsel-can-do/#:~:text=Anchoring%20is%20a%20strategy%20used,evaluating%20damages%20in%20a%20lawsuit)).  Defendants argue that unsubstantiated anchoring only serves to unfairly prejudice the defendant, confuse the issues, and mislead the jury under Federal Rule of Evidence 403, and Mr.

Griffin should not be allowed to suggest to the jury any object or value as an analogy for an award of damages when the anchor has no reasonable connection to the compensation (*Id.*, ¶ 6).

Mr. Griffin responds that he does not object to being forbidden to state numbers that are not related to the evidence, but he objects to being prohibited from stating damages numbers that are related to the evidence (Dkt. No. 63).  Mr. Griffin objects specifically to being able to discuss numbers related to the evidence during closing argument (*Id.*).

The Court grants, in part, and denies, in part, the motion *in limine* regarding anchoring (Dkt. No. 57).  Without objection, the Court grants Defendants' motion *in limine* to prevent Mr. Griffin from discussing numbers that are not related to the evidence.  The Court denies Defendants' motion *in limine* to the extent Defendants seeks to prohibit Mr. Griffin from discussing in front of the jury damages numbers related to the evidence.

It is so ordered this 12th day of April, 2024.

Kristine G. Baker
United States District Judge